CoweN, Chief Judge,
concurring in the result:
I concur with the majority and Judge Davis in rejecting the Government’s sweeping contention that de novo evidence is inappropriate with respect'to any factual question connected with the contract, regardless of the nature of the contractor’s claim or the authority of the agency board or head of the department to decide the dispute to which such factual questions are related. For the reasons stated in both opinions, defendant’s position, that the Disputes clause requires the administrative agency to make binding factual determinations on every question relating to the contract, is untenable.
It should be emphasized that we have before us only the review of a commissioner’s order. Considering the stage in the trial at which the order was issued, the nature of the record before ús, and the briefs of the parties, I do not believe that this case in its present posture presents'the proper *537 vehicle for laying down hard and fast rules to resolve all of the important issues urged upon us by the parties. As I understand, the major issue, which separates the views of the majority from those of Judge Davis, is the extent to which a finding made by an agency board on a claim for relief that can be granted under the terms of the contract will be binding in a subsequent court action for relief of the type which is not available under the terms of the contract, when the same factual question is again presented. I would reserve my decision until the facts and questions of law are adequately presented to the court at a stage in the proceedings where it can properly decide the matter.
I would also reserve decision as to the scope and effect of the Suspension of Work clause that was included in the contract in this case. Apparently both the contractor and the ADC Advisory Board on Contract Appeals considered that this clause has no application to any of the claims presented by the contractor. However, defendant argues that the Suspension of Work clause authorizes the contracting officer to pay the costs incurred by the contractor as a result of Government delays. A decision as to the application of that clause might have an important bearing on other questions to be decided in this case. However, as Judge Davis has pointed out, this case does not present that issue in its present posture.
With the foregoing preliminary statement, I concur in the result reached by the majority on the six claims covered by the trial commissioner’s order.